IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BRANCH BANKING AND TRUST
COMPANY,                                      :

    Plaintiff,                          :

vs.                                           :    CA 10-289-KD-C

W.K. BRENT BROADERIP,                         :

    Defendant.                          :

## REPORT AND RECOMMENDATION

This matter is before the undersigned, pursuant to 28 U.S.C. § 636(b)(1)(B), on Defendant's Motion to Dismiss (Doc. 5), filed July 12, 2010; Plaintiff's Response In Opposition to Motion to Dismiss (Doc. 7), filed July 22, 2010; Defendant's Brief In Support of Motion to Dismiss (Doc. 10), filed July 30, 2010; and Plaintiff's Notice of Providing Loan Agreement (Doc. 12), filed August 26, 2010. After consideration of the motion, it is the undersigned's recommendation that it be **DENIED**.

## FINDINGS OF FACT

1.    In his motion, Defendant requests "time to conduct discovery with regard to" the averment "in paragraph 4 of the Complaint that pursuant to certain loan documents the defendant has expressly submitted to personal jurisdiction in Alabama," stating that "no such documents were attached to the Complaint," stating that counsel for Defendant "does not have copies of the documents." (Doc. 5, p. 1.) In its response,

Plaintiff, in part, "answers" Defendant's "discovery request" by citing to, quoting from, and attaching portions of, an "Amended and Restated Loan & Security Agreement between Pine Hill Development, L.L.C. (Borrower)[, Defendant] W.K. Brent Broaderip (Guarantor)[,] and Colonial Bank (Lender)" (the "Loan & Security Agreement"). (*See* Doc. 7, pp. 4-6; Doc. 7-1.)

2. Specifically, Plaintiff alleges that, in Section 8.04 of that agreement, "Defendant expressly submitted to the jurisdiction of this Court." (Doc. 7, p. 4.) That section, in pertinent part, provides:

> This Agreement, the Note and the other Loan Documents, and the rights and obligations of the parties hereunder and thereunder shall be governed by and be construed in accordance with the laws of the State of Alabama. Borrower and Guarantor acknowledge that the negotiations of the provisions of this Agreement, the Note, and the other Loan Documents took place in the State of Alabama; that all such documents were executed in Baldwin County, Alabama, or if executed elsewhere, will become effective only upon Lender's receipt and acceptance thereof in said county and state . . . and that all of such documents were or will be executed and delivered to Lender to induce Lender to make the Loan to Borrower. Borrower and Guarantor hereby submit to jurisdiction in the State of Alabama for any action or cause of action arising out of or in connection with the Loan Documents, agree that venue for any such action shall be in Baldwin County, Alabama, and waive any and all rights under the law of any state to objection to jurisdiction or venue within Baldwin County, Alabama . . . .

(*Id.*, p. 5; Doc. 7-1, § 8.04.)

3. Defendant's "Brief In Support of Motion to Dismiss,"[1] which this Court

---

[1] Local Rule 7.1(a) provides that a Rule 12(b) motion "must be supported by a brief," and that "[f]ailure to file a brief may result in the denial of the motion." *Id.* Defendant's skeletal motion was filed absent an accompanying brief, and although Defendant is in technical violation of the local rule, his motion, standing alone, "incorporates sufficient legal argument and analysis to satisfy the briefing requirement." *McCain v. Lexington Ins. Co.*, Civ.A. 05-0615-WS-B, 2005 WL 3098928, at *1 n.6 (S.D. Ala. Nov. 17, 2005).

will treat as a reply, Defendant claims that, because "the language Plaintiff relies on as a forum selection clause differs from the traditional forum selection clause language typically used in contracts with Banks in this area[, he] believes that there may be another clause in the contract that supersedes or contradicts the clause relied on by the Plaintiff," citing other provisions listed on the Table of Contents to the Loan & Security Agreement (Doc. 7-1, pp. 2-3)—which provisions are not attached to Plaintiff's response: Section 3.04 "Litigation"; Section 4.09 "Litigation, Claims"; Section 6.01 "Events of Default"; Section 6.02 "Remedies"; and "VII. DEFINITIONS." (Doc. 10, p. 3.)

4. While the undersigned expressed his view that "[n]ot attaching all portions of the Loan & Security Agreement to its response certainly does ***not*** mean Plaintiff is attempting to hide any portion of that agreement that could have any bearing on the choice of law, jurisdiction, and venue clauses in Section 8.04" (Doc. 11, p. 4), the Court, on August 25, 2010, nevertheless ordered Plaintiff to provide Defendant with a complete copy of the Loan & Security Agreement, and allowed the parties an opportunity to file any supplemental briefs necessary to address any new information. (*Id.*, p. 4) The next day, Plaintiff filed its Notice of Providing Loan Agreement, in which it confirms that a complete copy of the Loan & Security Agreement was provided to Defendant's counsel via email on July 30, 2010, the day Plaintiff received Defendant's reply. (*See* Doc. 12.) In the July 30, 2010 Email, attached to Plaintiff's Notice, Plaintiff's counsel explains that they filed only the relevant pages, in compliance with Local Rule 5.5(c), and attaches "entire copies of the original and amended loan agreements in case [Defendant] want[s] to

3

supplement [his] reply." (Doc. 12-1.) Defendant has filed no further pleadings related to its motion to dismiss.

## CONCLUSIONS OF LAW

1. This Court may assert jurisdiction over a nonresident defendant "only to the extent permitted by the long-arm statute of the forum State, and only if the exercise of jurisdiction comports with the requirements of the Due Process Clause of the Fourteenth Amendment." *Vermeulen v. Renault, U.S.A. Inc.*, 975 F.2d 746, 753 (11th Cir. 1992), *opinion modified and superseded on other grounds by Vermeulen v. Renault, U.S.A., Inc.*, 985 F.2d 1534 (11th Cir.), *cert. denied sub nom. Regie Nationale des Usines Renault S.A. v. Vermeulen*, 508 U.S. 907 (1993); *see also Olivier v. Merritt Dredging Co., Inc.*, 979 F.2d 827, 830 (11th Cir .1992) (panel of the Eleventh Circuit states that in determining whether a district court may assert personal jurisdiction depends upon whether the district court could obtain personal jurisdiction over the defendants pursuant to the applicable state long-arm statute and whether the exercise of personal jurisdiction would violate the due process clause of the Fourteenth Amendment), *cert. denied sub nom. S.C. Prop. & Cas. Ins. Guar. Ass'n v. Olivier*, 507 U.S. 983, *and cert. denied sub nom. La. Ins. Guar. Ass'n v. Olivier*, 508 U.S. 910 (1993).

Where, as here, the courts of the forum State have interpreted the forum's long-arm statute to confer jurisdiction to the limits allowed by federal due process, *see Mut. Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1319 (11th Cir. 2004) ("Alabama's long-arm statute authorizes Alabama courts to assert jurisdiction to the fullest extent

constitutionally permissible."), state law need not be applied, and this Court "need only ask whether the exercise of jurisdiction over the nonresident defendant comports with due process." *Vermeulen*, 975 F.2d at 753; *see also Clark v. Deal*, Civil Action No. 2:08cv173-MHT, 2009 WL 902533, at *2 (M.D. Ala. Mar. 31, 2009) (because the "[j]urisdiction of the Alabama courts extends to the permissible limits of due process under its long-arm rule, Rule 4.2, Ala. R. Civ. P., . . . the two-part inquiry collapses into one determination: whether exercising personal jurisdiction over a non-defendant would offend due process.") (citations and internal quotation marks omitted).

2.  Due process requires both that the defendant have "certain minimum contacts" with the forum state, and if such minimum contacts exist, that the exercise of jurisdiction over the defendant "does not offend traditional notions of fair play and substantial justice." *Burnham v. Super. Ct. of Cal.*, 495 U.S. 604 (1990) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "In assessing a defendant's 'minimum' contacts with the forum state, courts have distinguished between contacts establishing 'specific' and 'general' jurisdiction." *Chatham Steel Corp. v. Brown*, 858 F. Supp. 1130, 1146 (N.D. Fla. 1994) (citations omitted). When a cause of action is related to or arises out of a nonresident defendant's contacts with the forum, the Supreme Court has held that the "'relationship among the defendant, the forum and the litigation' is the essential foundation of in personam jurisdiction." *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414 (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)).

Specific jurisdiction arises out of a party's activities in the forum that are

5

related to the cause of action alleged in the complaint. It has long been recognized that a court has the minimum contacts to support specific jurisdiction only where the defendant purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws. The requirement that there be minimum contacts is grounded in fairness. It assures that the defendant's conduct and connection with the forum State [is] such that he should reasonably anticipate being haled into court there.

*Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000) (internal citations and quotation marks omitted), *cert. denied*, 534 U.S. 827 (2001); *see also Madara v. Hall*, 916 F.2d 1510, 1516 n.7 (11th Cir. 1990) ("Specific personal jurisdiction is founded on a party's contacts with the forum state that are related to the cause of action.").

3. Because the complaint alleges that the loan documents—central to this case—"relate to the use of funds in connection with real property located in Baldwin County, Alabama," (Doc. 1, Compl., ¶ 4), the court's jurisdiction over Defendant, if any, "arises out of [his] activities in the forum that are related to the cause of action alleged in the complaint." *Consol. Dev. Corp*, 216 F.3d at 1291. (*Cf.* Doc. 10, p. 2 ("It is only through the Defendant's involvement as the principal owner of Pine Hill Development, LLC [the Borrower] that he could possibly be subject to the jurisdiction of this Court.").) Thus, this Court need only undertake a specific jurisdiction analysis.

4. A court "'is required to make an independent factual assessment of a defendant's contacts with the forum when deciding whether it possesses jurisdiction over that defendant . . . . Each case must be judged on its particular facts.'" *LaSalle Bank v.*

*Mobile Hotel Props., LLC*, 274 F. Supp. 2d 1293, 1297 (S.D. Ala. 2003) (quoting *Mellon Bank (East) PSFS, Nat'l Assoc. v. Farino*, 960 F.2d 1217, 1224 (3rd Cir. 1992) (citation omitted)); *see also Kulko v. Cal. Super. Ct.*, 436 U.S. 84, 92 (1978) ("[T]he International Shoe 'minimum contacts' test is not susceptible to mechanical application; rather, the facts of each case must be weighed to determine whether the requisite 'affiliating circumstances' are present." (citations omitted)).

5. Where a nonresident defendant contractually agrees "to personal jurisdiction in [Alabama], the usual due process analysis need not be done." *Alexander Proudfoot Co. World Headquarters v. Thayer*, 877 F.2d 912, 921 (11th Cir. 1989) (footnote omitted).

> As the Supreme Court noted in *Burger King*, the due process analysis is unnecessary where a nonresident defendant has consented to suit in a forum. *Burger King*, 471 U.S. at 472, 473 n.14, 105 S. Ct. at 2181, 2182 n.14. Quite simply, "parties to a contract may agree in advance to submit to the jurisdiction of a given court." *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 704, 102 S. Ct. 2099, 2105, 72 L. Ed. 2d 492 (1982) (quoting *National Equipment Rental, Ltd. v. Szukhent*, 375 U.S. 311, 316, 84 S. Ct. 411, 414, 11 L. Ed. 2d 354 (1964)); *see also Petrowski v. Hawkeye-Security Co.*, 350 U.S. 495, 76 S. Ct. 490, 100 L. Ed. 639 (1956). The enforcement of an agreement conferring jurisdiction does not offend due process where the provision is freely negotiated and not unreasonable or unjust. *See Burger King*, 471 U.S. at 472, 473 n.14, 105 S. Ct. at 2181, 2182 n.14; *see also The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 92 S. Ct. 1907, 1916, 32 L. Ed. 2d 513 (1972); *Cf. Shawmut Boston Int'l Banking Corp. v. Duque-Pena*, 767 F.2d 1504, 1507 (11th Cir. 1985).

*Id.* Accordingly, absent evidence of, *e.g.,* fraud or undue influence, where a nonresident defendant "contractually waive[s] his due process right not to be subjected to a suit in a

forum without sufficient contacts," a court need not analyze a nonresident defendant's minimum contacts. *Id.* at 921 & n.20 ("Although these contacts may satisfy the due process clause, the court need not address this issue in light of the valid clause conferring personal jurisdiction.").

6. Moreover, "[i]t is well-settled that '[p]arties may consent to personal jurisdiction through forum selection clauses in contractual agreements.'" *Counsel Fin. Servs., LLC v. The Dobson Firm, LLC*, No. 09-CV-150S, 2010 WL 3504789, at *3 (W.D.N.Y. Sept. 2, 2010) (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 103 (2d Cir. 2006)) (citation omitted). And it is common, as is the case here, for "[c]onsent-to-jurisdiction clauses [to] accompany forum-selection clauses because a court must maintain personal jurisdiction over the defendant in order for a plaintiff to effect a change of venue pursuant to 28 U.S.C. § 1404. In other words, a matter could not be transferred under Section 1404 to the selected forum unless personal jurisdiction existed separately." *Id.* (citations and internal quotation marks omitted).

7. "The United States Supreme Court, the Eleventh Circuit, and the Alabama Supreme Court have all recognized that [a] forum selection clause[ is] generally enforceable," *Rucker v. Oasis Legal Finance, LLC*, 644 F. Supp. 2d 1350, 1353-54 (N.D. Ala. 2009) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972); *P & S Business Machs., Inc. v. Canon USA, Inc.*, 331 F.3d 804 (11th Cir. 2003); *Prof'l Ins. Corp. v. Sutherland*, 700 So. 2d 347 (Ala. 1997)), "so long as enforcing it is neither unfair nor unreasonable under the circumstances." *Prof'l Ins. Corp.*, 700 So. 2d at 350; *see also*

*Proudfoot*, 877 F.2d at 921 ("The enforcement of an agreement conferring jurisdiction does not offend due process where the provision is freely negotiated and not unreasonable or unjust."). Here the burden is on Defendant Broaderip to show either "that enforcement of the forum selection clause would be unfair on the basis that the contracts in this case were affected by fraud, undue influence, or overweening bargaining power" or "that enforcement would be unreasonable on the basis that the chosen . . . forum would be seriously inconvenient for the trial of the action." *Id.* at 352; *see also Smith v. Prof'l Claims, Inc.*, 19 F. Supp. 2d 1276, 1280 (M.D. Ala. 1998) (same). Defendant Broaderip has offered no such evidence. *See Counsel Fin. Servs.*, 2010 WL 3504789, at *4 (denying motion because defendant failed to offer "facts or argument that personal jurisdiction in New York is 'unreasonable or unjust.'" (quoting *M/S Bremen*, 407 U.S. at 15)).

8. Finally, Defendant's argument that he—personally—has not availed himself of this Court's jurisdiction because it is only through his "involvement as the principal owner of [the Borrower] that he could be subject to the jurisdiction of this Court" fails. Defendant executed the Loan & Security Agreement as Guarantor in his individual capacity. (Doc. 7-1, p. 7; *see also id.* § 8.04 ("Borrower and **Guarantor** hereby submit to jurisdiction in the State of Alabama for any action or cause of action arising out of or in connection with the Loan Documents, agree that venue for any such action shall be in Baldwin County, Alabama, and waive any and all rights under the law of any state to objection to jurisdiction or venue within Baldwin County, Alabama . . . ."

9

(emphasis added).)

## **CONCLUSION**

In light of the foregoing, the undersigned **RECOMMENDS** that the motion be **DENIED**.

    **DONE** this the 21st day of September, 2010.

    s/ WILLIAM E. CASSADY
    **UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

l.  *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in S.D. ALA. L.R. 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days [2] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED. R. CIV. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[2]  Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  FED. R. CIV. P. 72(b)(2).

11