**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

BRANCH BANKING AND TRUST
COMPANY,                                              :

      Plaintiff,                              :

vs.                                                          :        CA 10-0289-KD-C

W.K. BRENT BROADERIP,                      :

      Defendant.                           :

## ORDER

This matter is before the Court on the parties' Joint Settlement Statement (Doc. 48), filed July 5, 2011. Based on a review of that statement and the Court record, the undersigned has determined that a settlement conference should be **SCHEDULED** for **Tuesday, August 9, 2011**, at **10:00 a.m.**, in Courtroom 3A, United States Courthouse, Mobile, Alabama. All parties and their lead counsel are **ORDERED TO APPEAR** for this settlement conference.

### Settlement Conference Preparation

The vast majority of all civil suits filed in this Court are settled or otherwise resolved prior to trial. Therefore, settlement preparation should be treated as seriously as trial preparation. Planning is essential because the party who is best prepared obtains the best result. The Court has found that the following steps are essential to a successful settlement conference.

A.     **Format.**

1.     **Pre-Settlement Conference Demand and Offer.**

A settlement conference is more likely to be productive if, before the conference, the parties have had a written exchange of their settlement proposals.    Accordingly, no later than **5:00 p.m.** on **Thursday, July 21, 2011**, plaintiff's counsel shall submit a written itemization of damages and settlement demand to defendant's counsel with a brief explanation of why such a settlement is appropriate.    No later than **5:00 p.m.** on **Thursday, July 28, 2011**, defendant's counsel shall submit a written offer to plaintiff's counsel with a brief explanation of why such a settlement is appropriate.    On occasion, this process will lead directly to a settlement.    If settlement is not achieved, plaintiff's counsel shall e-mail (william_cassady@alsd.uscourts.gov) or fax copies of these letters to Judge Cassady's chambers (251-694-4198) no later than **5:00 p.m.** on **Thursday, August 4, 2011**.    **Do not file copies of these letters in the Clerk's Office.**

2.     **Attendance of Parties Required.**

Parties with ultimate settlement authority must be personally present.    An insured party shall appear by a representative of the insurer who is authorized to negotiate and settle all claims.    An uninsured corporate party shall appear by a representative authorized to negotiate and settle all claims.    Having a client with authority available by telephone is not an acceptable alternative, except under the most extenuating circumstances.    Because the Court generally sets aside at least three to five hours for each conference, it is impossible for a party who is not present to appreciate the

process and the reasons which may justify a change in one's perspective towards settlement.

### 3. Mediation Format.

The Court will generally use a mediation format: opening presentations by each side followed by a joint discussion and private caucusing by the Court with each side. The Court expects both the lawyers and the party representatives to be fully prepared to participate. The Court encourages all parties to keep an open mind in order to re-assess their previous positions and to find creative means for resolving the dispute.

### 4. Statements Inadmissible.

Statements made by any party during the settlement conference will not be admissible at trial. Parties are encouraged to be frank and open in their discussions. The Court expects the parties to address each other with courtesy and respect.

### B. Issues to be Discussed at Settlement Conference.

Parties should be prepared to discuss the following at the settlement conference:

1. What are your objectives in the litigation?

2. What issues (in and outside of this lawsuit) need to be resolved? What are the strengths and weaknesses of your case?

3. Do you understand the opposing side's view of the case? What is wrong with their perception? What is right with their perception?

4. What are the points of agreement and disagreement between the parties?

5. What are the impediments to settlement?

6. What remedies are available through litigation or otherwise?

7.      Are there possibilities for a creative resolution of the dispute?

8.      Do you have adequate information to discuss settlement?  If not, how will you obtain sufficient information to make a meaningful settlement discussion possible?

9.      Are there outstanding liens?   Do we need to include a representative of the lienholder?

**C.      Involvement of Clients.**

For many clients, this will be the first time they have participated in a court supervised settlement conference.   Therefore, counsel shall provide a copy of this Order to the client and shall discuss the points contained herein with the client prior to the settlement conference.

**DONE** this the 7th day of July, 2011.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**