IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BRANCH BANKING AND TRUST CO., Successor in interest to Colonial Bank, by Asset acquisition from the FDIC, as Receiver for Colonial Bank, Plaintiff, v. W.K. BRENT BROADERIP, Defendant. | ) ) ) ) ) ) ) ) ) ) | Civil Action No. 10-00289-KD-C |

**ORDER**

This matter is before the Court on Plaintiff Branch Banking and Trust Company's Motion for Attorneys' Fees and Expenses (as amended) (Doc. 60).[1]

## I. Background

On August 11, 2011, the Court granted summary judgment in favor of Plaintiff and against Defendant W.K. Brent Broaderip ("Broaderip") on Plaintiff's breach of guaranty claim. (Doc. 57). On August 25, 2011, with leave of the Court, and as ordered, Plaintiff filed the instant motion for attorneys' fees and expenses. (Doc. 59). Plaintiff then filed an Amended Motion for attorney's fees on August 26, 2011. (Doc. 60). As of the date of this Order, Broaderip has not responded to Plaintiff's motion, such that the motion is unopposed.[2]

Plaintiff seeks attorneys' fees in the amount of $177,133.50 and expenses/costs in the amount of $8,675.79. (Doc. 60 at 4). In support of its motion, Plaintiff submits the Affidavit of Senior Associate Bess M. Parrish Creswell of the Mobile, Alabama law firm Burr & Forman (Doc. 60-1

---

[1] Which amended and replaced Doc. 59.

[2] Pursuant to the Court's order, Broaderip's response was due September 8, 2011. (Doc. 57 at 17).

1

(Aff. Creswell)), billing rate information for the timekeepers (Doc. 60-2), and an itemized list of services provided and time expended by individuals at the Mobile, Alabama law firm of Burr & Forman which includes itemized "disbursements" reports (Doc. 60-3).

## II. Discussion

As an initial matter, while given the opportunity to do so, Defendant Broaderip has not challenged Plaintiff's right to recover its attorneys' fees and expenses. (Doc. 57 at 17). However, under the terms of the various contracts between the parties, Plaintiff may recover only those fees and expenses that are "reasonable."[3] Accordingly, before fashioning any award, the Court must first assess the reasonableness of the Plaintiff's request.

In this Circuit, courts generally apply the "lodestar" method -- multiplying the hours reasonably expended by a reasonable hourly rate -- to make such an assessment. Norman v. Hous. Auth., 836 F.2d 1292, 1299 (11th Cir. 1988). The 12 factors identified by the Court of Appeals in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), may aid the Court in determining a reasonable hourly rate and thereby affect the lodestar analysis. (Id.) Those factors include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Ass'n of Disabled Ams. v. Neptune Designs, Inc., 469 F.3d 1357, 1359, n.1 (11th Cir. 2006) (citing

---

3 In the Promissory Note, Pine Hill agreed that in the case of default, it would "pay…reasonable attorney fees and legal expenses[.]" (Doc. 41-1 at 91-92). Similarly, in the Guaranty, Broaderip agreed "to pay the costs of enforcing this Guaranty and obligations hereunder, including a reasonable attorneys' fee," and to "pay all of costs incurred to enforce this Guarantee, including reasonable attorney fees." (Id. at 96 at ¶11, 99). Likewise, in the Forbearance Agreement, Pine Hill and Broaderip agreed to pay court costs and attorneys' fees upon a breach or termination of the

2

Johnson, 488 F.2d at 717-19).

Additionally, whereas this action is before the Court on the basis of diversity jurisdiction, any fee award must be consonant with Alabama law. Under Alabama law, the factors to be considered include:

> (1) the nature and value of the subject matter of the employment; (2) the learning, skill, and labor requisite to its proper discharge; (3) the time consumed; (4) the professional experience and reputation of the attorney; (5) the weight of his responsibilities; (6) the measure of success achieved; (7) the reasonable expenses incurred; (8) whether a fee is fixed or contingent; (9) the nature and length of a professional relationship; (10) the fee customarily charged in the locality for similar legal services; (11) the likelihood that a particular employment may preclude other employment; and (12) the time limitations imposed by the client or by the circumstances.

Van Schaack v. AmSouth Bank, N.A., 530 So.2d 740, 749 (Ala. 1988) (citing Peebles v. Miley, 439 So.2d 137 (Ala. 1983)). Not all of these criteria must be met or brought into play. Graddick v. First Farmers & Merchants Nat'l Bank of Troy, 453 So.2d 1305, 1311 (Ala. 1984).

### A. Reasonable Rate

As the party requesting fees, Plaintiff has the burden of supplying the Court with specific and detailed evidence from which the Court can determine the reasonable hourly rate for the work performed by its attorneys and paralegals. Am. Civil Liberties Union of Ga. v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999) (citing Norman, 836 F.2d at 1303). The Eleventh Circuit has instructed that a reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299. In this case, the relevant legal community is Mobile, Alabama. See Barnes, 168 F.3d at 437 (providing that "the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is the place where the case is filed." (citation omitted)).

---

Forbearance Agreement. (Id. at 104-105 at ¶6).

Plaintiff has offered sparse evidence of its attorneys' and paralegals' legal backgrounds and professional experience (Doc. 60 at 3-4; Doc. 60-1 at 4-5 (Aff. Creswell at ¶7)),[4] and moreover, its fee application inadequately addresses the fundamental question of whether the hourly rates charged by its attorneys are reasonable in the Mobile market. While Plaintiff's counsel Creswell summarily asserts "I am further familiar with the fees customarily charged to clients having businesses similar to that of Plaintiff by law firms in the Mobile area in connection with the litigation of the same or similar nature of this action[] and are "rates customarily charged[]" (Doc. 60-1 at 3, 6 (Aff. Creswell at ¶3, 12)), Plaintiff has not actually submitted any evidence of rates customarily charged by Mobile area attorneys in similar cases. Instead, Plaintiff has offered only the conclusory opinion of Creswell to satisfy this requirement. Nevertheless, the Court, which is familiar with the prevailing rates in the local market, may act as its own expert and rely on its "knowledge and experience" to determine the reasonableness and propriety of the requested fees. Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994).

### 1. **Attorneys**

Plaintiff asserts that seven (7) attorneys were the "primary professionals performing services"[5] and four (4) attorneys also performed services, and that said attorneys are entitled to hourly rates ranging from $211.50 to $387.00 per hour (Doc. 60-2 at 2). Specifically, based on Doc. 60-2 at 2, which counsel Creswell references and relies upon in her Affidavit, Plaintiff seeks recovery of the following rates: Partner Damon P. Denney ($316.47); Partner Chuck Holtz ($284.70); Partner Joe A. Joseph ($385.47); Partner Marc P. Solomon ($288.00); Partner Carol H. Stewart ($387.00); Associate Amanda M. Beckett ($238.50); Associate Bess P. Creswell ($276.46);

---

4 For example, Plaintiff has not provided how many years each attorney has been practicing and/or any information about their respective educational backgrounds.

5 As defined by Plaintiff: professionals who billed more than five (5) hours. (Doc. 60-1 at 4 (Aff. Creswell)).

Associate S. Eric Lee ($194.18); Associate Clifton O. Mosteller ($238.50); Associate Melinda E. Sellers ($229.88); and Associate Ricardo A. Woods ($211.50). (Doc. 60-2 at 2).

### a. **The Partners**

Regarding the requested rates for the five (5) partners who performed services in this case (Denney, Holtz, Joseph, Solomon and Stewart), which vary from $284.70 to $387.00, these rates exceed those which have been found to be reasonable in this district. For example, this Court recently found $250/hour to be a reasonable rate for an attorney with 15 years of experience as a law firm partner. See Vision Bank v. Anderson, No. 10-0372-KD-M, 2011 WL 2142786, at *3 (S.D. Ala. May 31, 2011). See also Mitchell Co., Inc. v. Campus, 2009 WL. 2567889, *1 and *17-18 (S.D. Ala. Aug. 18, 2009) (finding that a reasonable hourly rate for an attorney with 12 years of experience was $225/hour). Plaintiff has provided no information as to each partner's years of experience and/or expertise. Instead, Plaintiff has only summarily stated that the partners have "substantial experience" and then generally discussed in a short sentence how they "assisted" in this case. (Doc. 60 at 3; Doc. 60-1 at 4-5). Thus, the Court is faced with an "indeterminate experience" situation for Partners Denney, Holtz, Joseph, Solomon and Stewart. In such "indeterminate experiences" concerning law firm partners, this Court has awarded a rate of $225/hour. See, e.g., Wells Fargo Bank, N.A. v. Williamson, 2011 WL 382799, *4 (S.D. Ala. Feb. 3, 2011). Thus, the Court finds that due to Plaintiff's failure to provide any evidence regarding these partners' expertise and/or years of practice, the rate of $225/hour is a reasonable rate for the partners in this case.

### b. **Associates**

Regarding the requested rates for the six (6) Associates who performed services in this case (Beckett, Creswell, Lee, Mosteller, Sellers and Woods), which vary from $211.50 to $276.46, (Doc. 60-2 at 2), these rates exceed those which have been found to be reasonable in this district.

5

Specifically, based on Doc. 60-2 at 2, which counsel Creswell references and relies upon in her Affidavit, Plaintiff seeks recovery of the following rates: Associate Amanda M. Beckett ($238.50); Associate Bess P. Creswell ($276.46); Associate S. Eric Lee ($194.18); Associate Clifton O. Mosteller ($238.50); Associate Melinda E. Sellers ($229.88); and Associate Ricardo A. Woods ($211.50). (Doc. 60-2 at 2).

The requested rates for these Associates are unreasonable inasmuch as the rates exceed rates that the undersigned and other judges in the Southern District of Alabama have found to be reasonable associates. See, e.g., Denny Mfg. Co. v. Drops & Props, Inc., 2011 WL 2180358, *3-5 (S.D. Ala. June 1, 2011) (finding $150/hour to be a reasonable rate for second-year associate who was Order of the Coif, served on the Law Review of his law school, and clerked for an Eleventh Circuit judge); Gulf Coast Asphalt, 2011 WL 612737, *4 (finding $145/hour to be a reasonable rate for second-year associate); Adams v. Austal, U.S.A., L.L.C., 2010 WL 2496396, *6 (S.D. Ala. June 16, 2010) (finding $150/hour to be a reasonable rate for third-year associate).

Additionally, Plaintiff has provided no information as to each Associate's years of experience and/or expertise. Instead, Plaintiff has only summarily stated that the Associates have either "substantial experience" or simply "experience," and then generally discussed in a short sentence how they "assisted" in this case. (Doc. 60 at 3; Doc. 60-1 at 4-5). Thus, the Court is faced with an "indeterminate experience" situation for Associates Beckett, Creswell, Lee, Mosteller, Sellers and Woods. In such "indeterminate experiences" concerning law firm associates, this Court has awarded a rate of $150/hour. See, e.g., Wells Fargo Bank, N.A. v. Williamson, 2011 WL 382799, *4 (S.D. Ala. Feb. 3, 2011). Thus, the Court finds that, due to Plaintiff's failure to provide any evidence regarding these Associates' expertise and/or years of practice, the rate of $150/hour is a reasonable rate for the Associates in this case.

### 2. Paralegals

Plaintiff seeks recovery for the time billed by six (6) paralegals for this case: April Anderson, Judy Baker, Susan Goolsby, Michael Ivey, Janet McClendon, and Jerry Miller. (Doc. 60-2 at 2). As an initial matter, Plaintiff has provided no billing records of any kind for paralegal Susan Goolsby. Plaintiff has not even submitted any evidence indicating that this paralegal actually worked on this case. As such, the Court finds that the requested time of 0.50 hours (Goolsby) is not allowed.

Additionally, the Court rejects as unreasonable the requested hourly rates of $144.25/hour for senior paralegal Janet McClendon, $163.54/hour for senior paralegal Michael Ivey, $103.50 for paralegal April Anderson, $106.87/hour for paralegal Jerry Miller, and $166.50 for paralegal Judy Baker. (Doc. 60-2 at 2). In several recent cases, this Court has found $75/hour to be a reasonable rate for paralegal work. See, e.g., Denny Mfg., 2011 WL 2180358, at *5; Zuffa, LLC v. Al-Shaikh, 2011 WL 1539878, at *9 (S.D. Ala. Apr. 21, 2011); Wells Fargo Bank, N.A. v. Williamson, 2011 WL 382799, at *5 (S.D. Ala. Feb. 3, 2011). Plaintiff has not demonstrated that any of these paralegals possess qualifications that might merit rates approximately 30% to more than 100% greater than that which the Court has approved consistently within the past year for other paralegals in other cases. Thus, the Court finds that the paralegal time allowed in this case will be reimbursed at the rate of $75/hour.

### 3. Project Assistants

Plaintiff seeks to recover 1.0 hour expended by "Project Assistants" Amy Boehm and Adam Harris. (Doc. 60-2). However, Plaintiff has provided no information concerning these individuals and/or what their jobs as "Project Assistant" entail. Thus, this time is not recoverable.

### B. Recoverable Time

Plaintiff seeks recovery of **778.20 hours** of work in this case between February 2010 and

August 23, 2011. (Doc. 60-2 at 2). In determining whether the number of hours expended are reasonable, the Court should not include any hours which are "excessive, redundant, or otherwise unnecessary." Norman, 836 F.2d at 1301. When awarding an attorney's fee, the "[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." Barnes, 168 F.3d at 428. The Court will not permit a party to recover fees for hours that are excessive, redundant, or unnecessary, *i.e.*, hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." Norman, 836 F.2d at 1301 (emphasis omitted).

As an initial matter, the Court cannot award recoverable time in the amount requested, 778.20 hours. The Court's review of the record reveals that the number of hours requested for a majority of the timekeepers lacks support (*i.e.*, the hours requested in Doc. 60-2 do not match the actual time billed in the itemized statements submitted to the Court). Specifically, Partner Damon Denny only billed 87.90 hours yet Plaintiff seeks 93.20 hours; partner Chuck Holtz only billed 17.90 hours yet Plaintiff seeks 27.00 hours; Partner Joe Joseph billed 38.20 hours yet Plaintiff only seeks 38.00 hours; Partner Marc Solomon only billed .70 hours yet Plaintiff seeks .90 hours; Associate Amanda Beckett only billed 1.6 hours yet Plaintiff seeks 2.90 hours; Associate Bess Creswell billed only 277.40 hours yet Plaintiff seeks 307.60 hours; Associate Eric Lee only billed 6.0 hours yet Plaintiff seeks 7.90 hours; Associate Melinda Sellers only billed 44.4 hours yet Plaintiff seeks 46.10 hours; paralegal Michael Ivey only billed 12.8 hours yet Plaintiff seeks 14.0 hours; paralegal Janet McClendon only billed 81.50 hours yet Plaintiff seeks 82.80; paralegal Jerry Miller only billed 122.80 hours yet Plaintiff seeks 144.30 hours. As such, only those hours for which evidentiary support has been submitted (via billing statements) will be awarded. Thus, the Court awards

Plaintiff **$100,012.50** for **703.20 hours** billed, as follows:

| NAME | REASONABLE RATE | HOURS | FEE TOTAL |
|---|---|---|---|
| **Associate Amanda M. Beckett** | $150.00 | 1.60 | $240.00 |
| **Associate Bess P. Creswell** | $150.00 | 277.40 | $41,610 |
| **Partner Damon D. Denney** | $225.00 | 87.90 | $19,777.50 |
| **Partner Joe A. Joseph** | $225.00 | 38.20 | $8,595.00 |
| **Partner Chuck Holtz** | $225.00 | 17.90 | $4,027.50 |
| **Associate S. Eric Lee** | $150.00 | 6.00 | $900.00 |
| **Associate Clifton O. Mosteller** | $150.00 | 8.40 | $1,260.00 |
| **Associate Melinda E. Sellers** | $150.00 | 44.40 | $6,660.00 |
| **Partner Marc P. Solomon** | $225.00 | .70 | $157.50 |
| **Partner Carol H. Stewart** | $225.00 | 1.10 | $247.50 |
| **Associate Ricardo A. Woods** | $150.00 | .90 | $135.00 |
| **Paralegal April Anderson** | $75.00 | .40 | $30.00 |
| **Paralegal Susan Goolsby** | Na | Na | $0.00 |
| **Paralegal Janet McClendon** | $75.00 | 81.50 | $6,112.50 |
| **Paralegal Jerry Miller** | $75.00 | 122.80 | $9,210.00 |
| **Paralegal Michael Ivey** | $75.00 | 12.80 | $960.00 |
| **Paralegal Judy Baker** | $75.00 | 1.20 | $90.00 |
| **TOTAL** | | 703.20 | $100,012.50 |

### C. <u>Expenses</u>

Plaintiff claims to have incurred expenses/costs of **$8,675.79** for telephone calls, mail/postage, photocopies, title work, foreclosure publications, filing fees (court/UCC), mileage, Pacer research, courier services, Westlaw charges, court transcript copies, meals, an expert consultant fee and recording fees, as part of litigating this action. (Doc. 60 at 4; Doc. 60-1 (Aff. Creswell at 6); Doc. 60-3 at 4, 8, 17, 27, 38, 49, 62, 71, 89-90, 97, 102). Based on the terms of the Promissory Note and Guaranty, the Court finds that Plaintiff is entitled to recover expenses/costs. <u>See</u>, e.g., <u>Peppertree Apartments, Ltd. v. Peppertree Apartments</u>, 631 So.2d 873, 878 (Ala. 1993) (providing that "[t]he intention of the parties controls when a court construes the terms of a promissory note, and that intention is to be derived from the provisions of the contract, if the language is plain and unambiguous[]"). However, Plaintiff has only submitted evidence in support of expenses/costs totaling $8,475.88, not $8,675.79. Accordingly, Plaintiff's request for an award of expenses and costs reasonably incurred in this case, is **GRANTED in part** and **DENIED in part**, as

Plaintiff is awarded **$8,475.88**.

### III. Conclusion

Accordingly, it is **ORDERED** that Plaintiff's Motion for Attorneys' Fees and Expenses (as amended) (Docs. 60) is **GRANTED in part** and **DENIED in part** such that Plaintiff is awarded a total of **$108,488.38** (attorneys' fees in the amount of **$100,012.50** and expenses/costs in the amount of **$8,475.88**).

**DONE** and **ORDERED** this the **10th** day of **November 2011.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**